IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 DEC 27  A 10: 26

CLERK'S OFFICE
AT GREENBELT

BY:

| | | |
|---|---|---|
| CHRISTOPHER GARZA et al., | * | |
| Plaintiffs, | * | |
| v. | | Case No.: GJH-15-1572 |
| | * | |
| MITCHELL RUBENSTEIN & ASSOCIATES, P.C., | | |
| | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM OPINION

Presently pending before the Court is Christopher Garza and George Easton Jr.'s (together, "Plaintiffs") Motion for Attorneys' Fees, ECF No. 17, arising out of their successful class action lawsuit against Mitchell Rubenstein & Associates, P.C. ("Defendant") for violations of the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* No hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiffs' Motion for Attorneys' Fees is granted.

### I.     BACKGROUND

This case began as a class action lawsuit against Defendant for violating § 1692g(a)(4) of the Fair Debt Collection Practice Act ("FDCPA") by failing to provide proper disclosures for how consumers could verify and dispute the legitimacy of the debts they owed. ECF No. 1. On April 11, 2016, Plaintiffs filed a Consent Motion for Settlement, ECF No. 16. Following a settlement hearing on April 25, 2016, the Court entered an Order of Final Approval of Class Action Settlement, ECF No. 22. The settlement agreement included, in relevant part, that

Defendant would pay the two named Plaintiffs, Garza and Easton, $1,000.00 each, and that it would create a common fund in the amount of $12,425.00 to be distributed on a pro rata basis to each of the 884 class members. *Id.* at 3.[1] In addition, as highlighted in Plaintiffs' Consent Motion for Settlement, Defendant agreed to change the language in its debt collection letters going forward, to address Plaintiffs' concerns. ECF No. 16 at 4.

Contemporaneously with their Consent Motion for Settlement, Plaintiffs also moved for an award of attorneys' fees and costs. ECF No. 17. In their motion, Plaintiffs noted that, pursuant to the settlement agreement, Defendant would not oppose the first $20,000.00 in requested fees and expenses, and that Plaintiffs would not seek more than $35,000.00 in fees and expenses. *Id.* at 3. Reflecting this agreement, Plaintiffs requested $35,000.00 in attorneys' fees and expenses, based on 87.5 hours of work completed by four attorneys from the law firm of Greenwald, Davidson Radbil PLCC, ("GDR"); 11.7 hours completed by local counsel; and an estimated $1, 234.53 in litigation related costs. ECF No. 17- 1. Defendant submitted a Response to Plaintiff's Motion on April 25, 2016, amended on April 26, 2016, arguing that the Court should award Plaintiff only $20,000.00 in fees and expenses. ECF No. 23. Plaintiffs filed a Reply in support of their Motion on May 12, 2016, reiterating their request for $35,000.00 in fees and expenses. ECF No. 24. They noted that GDR attorneys had dedicated an additional 32.2 hours on the case, bringing the total compensable hours to 131.4 hours, and submitted a final bill of expenses totaling $1,166.52, a slight downward departure from their previous estimate. ECF No. 24 at 1; ECF No. 24-1 at 14.

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to page numbers generated by that system.

## II.    STANDARD OF REVIEW

While the payment of attorneys' fees and costs to plaintiffs who prevail on FDCPA

claims is mandatory, 15 U.S.C. § 1692k(a)(3), "the statute makes clear that calculation of the

appropriate award must be left to the district court." *Carroll v. Wolpoff & Abramson*, 53 F.3d

626, 628 (4th Cir. 1995). To recover attorney's fees and costs, a plaintiff must be a "prevailing

party," a threshold question for which the Court accords a "generous formulation." *Hensley v.*

*Eckerhart*, 461 U.S. 424, 433 (1983). A plaintiff is a "prevailing party" for the purpose of

attorney's fees if the plaintiff succeeds "on any significant issue in litigation which achieves

some of the benefit the parties sought in bringing suit." *Id.* Plaintiffs here obtained payment

following the parties' settlement agreement, which was affirmed by this Court, and is therefore a

"prevailing party" entitled to attorney's fees. *See Nelson v. A&H Motors, Inc.*, Civil No. JKS 12-

2288, 2013 WL 388991, at *1 (D. Md. Jan. 30, 2013). This contention is not disputed by the

parties.

The most useful starting point for establishing the proper amount of an award is the

"lodestar," or "the number of hours reasonably expended, multiplied by a reasonable hourly

rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Rum Creek Coal Sales, Inc. v.*

*Caperton*, 31 F.3d 169, 174 (4th Cir. 1994). The court must adjust the number of hours to delete

duplicative or unrelated hours, and the number of hours must be reasonable and represent the

product of "billing judgment." *Caperton*, 31 F.3d. at 175 (citing *Hensley*, 461 U.S. at 437).

"When the plaintiff prevails on only some of the claims, the number of hours may be adjusted

downward; but where full relief is obtained, the plaintiff's attorney should receive a fully

compensatory fee and in cases of exceptional success, even an enhancement." *Id.* at 174–75

(internal citations omitted). In assessing the overall reasonableness of the lodestar, the court may

3

also consider the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d

714, 717–19 (5th Cir. 1974) ("the Johnson factors"), specifically:

> (1) The time and labor required; (2) The novelty and difficulty of the
> questions raised; (3) The skill requisite to perform the legal services
> properly; (4) The preclusion of employment by the attorney due to
> acceptance of the case; (5) The customary fee; (6) Whether the fee is
> fixed or contingent; (7) Time limitations imposed by the client or the
> circumstances; (8) The amount involved and the results obtained; (9)
> The experience, reputation, and ability of the attorneys; (10) The
> undesirability of the case; (11) The nature and length of the
> professional relationship between the attorney and the client; and (12)
> Attorney's fee awards in similar cases.

*See Caperton*, 31 F.3d at 175. These factors, however, "usually are subsumed within the initial

calculation of hours reasonably expended at a reasonable hourly rate [, *i.e.,* the lodestar]." *Randle*

*v. H & P Capital, Inc.*, 513 F. App'x 282, 283–84 (4th Cir. 2013)(quoting *Hensley,* 461 U.S. at

434 n. 9)(alteration in original). Furthermore, "[i]n considering the Johnson/Barber factors, the

court is to consider all twelve factors, but need not robotically list each factor or comment on

those factors that do not apply." *Dodeka, L.L.C. v. AmrolDavis*, No. 7:10-CV-17-D, 2010 WL

3239117, at *2 (E.D.N.C. Aug. 16, 2010).

## III.   DISCUSSION

### A.   Reasonable Rate

In determining whether counsel's hourly rates are reasonable, the court must consider

whether "the requested rates are in line with those prevailing in the community for similar

services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v.*

*Stenson*, 465 U.S. 886, 890 n.11 (1984). "[D]etermination of the hourly rate will generally be the

critical inquiry in setting the reasonable fee, and the burden rests with the fee applicant to

establish the reasonableness of a requested rate." *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir.

1990)(citation omitted). As part of its inquiry, the court may rely on "affidavits from other

4

attorneys attesting to the reasonableness of the hourly rates," and also the court's "knowledge of

the market." *Beyond Sys., Inc. v. World Ave. USA, LLC*, No. PJM-08-921, 2011 WL 3419565 at

\*3 (D. Md. Aug. 11, 2011). In this District, the Court's "market knowledge" is set forth in

Appendix B of the U.S. District Court of Maryland Local Rules, which provides Guidelines

Regarding Hourly Rates based upon length of professional experience, as follows:

> (a) Lawyers admitted to the bar for less than five (5) years: $150-225.
> (b) Lawyers admitted to the bar for five (5) to eight (8) years: $165-300.
> (c) Lawyers admitted to the bar for nine (9) to fourteen (14) years: $225-350.
> (d) Lawyers admitted to the bar for fifteen (15) to nineteen (19) years: $275-425.
> (e) Lawyers admitted to the bar for twenty (20) years or more: $300-475.
> (f) Paralegals and law clerks: $95-150.

Loc. R. App. B(3) (D. Md. 2016). Plaintiffs ask the Court to award attorney's fees at the

following hourly rates: Jesse S. Johnson: $350.00 (over six years of experience); Michael L.

Greenwood: $400.00 (over 11 years of experience); James L. Davidson: $400.00 (over 12 years

of experience); Aaron D. Radbil: $400.00 (9 years of experience) and Eric Stravitz $250.00

(experience and length of bar membership not listed). ECF No. 17 at 6-7; ECF No. 17-1 at ¶¶ 20

- 21.

Defendant argues that the rates for Johnson, the lead attorney on the case, should be

adjusted downward, to $275.00 per hour, in accordance with what the local rules would suggest

is reasonable for an attorney with six years of experience. ECF No. 23 at 2. Johnson

acknowledges that his rate is higher than the local guidelines would recommend, but argues that

it is justified because Plaintiffs were successful, the guidelines are not binding, similar rates were

recently approved by this Court in other cases, and Johnson's specific rate was approved in a

recent class action case in the Northern District of California. ECF No. 24 at 10-11. As the
Fourth Circuit has emphasized, "market rate should guide the fee inquiry." *Grissom v. The Mills
Corp.*, 549 F.3d 313, 321 (4th Cir. 2008). A close look at the cases within this circuit on which
Plaintiffs rely shows that they do not support his request for an upward deviation from the local
guidelines. The $350.00 hourly rate that Plaintiffs asserts Judge Garbis awarded in *Stillmock v.
Weis Markets*, was actually subsumed within a lower blended rate of $289.00 per hour. *Stillmock
v. WeisMarkets, Inc.*, No. CIV.A. MJG-7-1342, ECF No. 128-1 at 11. Furthermore, in
*McDaniels v. Westlake Servs.*, while Judge Hollander did find that an award of $350.00 per hour
in attorney's fees was reasonable, departing slightly above the guidelines in effect at that time,
the lawyer in question had 10 years of experience. *McDaniels v. Westlake Servs., LLC*, No.
CIV.A. ELH-11-1837, 2014 WL 556288, at *14 (D. Md. Feb. 7, 2014). Thus, the Court finds
that an hourly rate of $275 rather than $350 is reasonable based on the local market rate for an
attorney with Johnson's skill and experience.

Turning next to attorneys Greenwood, Davidson and Radbil, Defendant does not dispute
their rates but argues that their hours should be disallowed in full as they did not formally enter
an appearance in the case. ECF No. 23 at 4. Defendant does not provide a citation for this
proposition and the Court finds no support for it in the case law. As Plaintiff notes, the Fourth
Circuit recently held that attorney's fees "includes authorization for reimbursement for work
performed not only by attorneys but also by persons doing 'tasks traditionally performed by an
attorney and for which the attorney would customarily charge the client,' regardless of whether a
licensed attorney, paralegal, or law clerk performed them." *Priestley v. Astrue*, 651 F.3d 410,
416 (4th Cir. 2011)(quoting *Hyatt v. Barnhart*, 315 F.3d 239, 255 (4th Cir.2002))(reversing
district court's denial of attorneys' fees for work completed by out-of-state attorneys under the

6

Equal Access to Justice Act). If the legal work of a person unable to enter an appearance in court, such as a paralegal or law clerk, is compensable, so must the work of a licensed attorney, as long as their work is properly documented and not found to be duplicative. Thus, the Court finds that the hours of Greenwood, Davidson and Radbil are eligible for reimbursement.

Plaintiffs argue that because Defendant did not contest the hourly rates of Greenwood, Davidson and Radbil, the Court must approve them, noting that "[t]he district court cannot decrease a fee award based on factors not raised at all by the adverse party." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)(internal citation omitted).[2] However this ignores the fact that "the burden rests with the fee applicant to establish the reasonableness of a requested rate." *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)(citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, (1984)). In support of their requested fee, Plaintiffs again acknowledge that a rate of $400.00 per hour is higher than the $225 - $350 per hour range that the local guidelines would suggest, but argue that an upward deviation is justified because similar rates were approved in other jurisdictions, the guidelines are not binding and the fee request is lower than the lodestar accumulated by counsel.[3] ECF No. 17 at 7-8. *Randle v. H&P Capital, Inc.*, No. 3:09CV608, 2010 WL 2944907, at *8 (E.D. Va. July 21, 2010), on which Plaintiffs rely to support a local market rate of between $425 and $450 per hour, does not provide any facts regarding the years of experience of the attorneys in question that led the court to approve such rates. Taking into account the experience of Greenwood, Davidson and Radbil, the local market rate as outlined in the Local Rules and their specialized expertise, as evidenced from the

---

[2] The logic in the Third Circuit case on which Plaintiffs rely focuses on whether or not the fee applicant had sufficient notice. *Rode v. Dellarciprete*, 892 F.2d 1177, 1188–89 (3d Cir. 1990)("The fee applicant retains the need to be notified that it has to defend its fee request and the adversarial nature of the process is as strong post-lodestar as pre-lodestar.")

[3] As discussed, *infra*, Plaintiffs voluntarily reduced their hours by approximately 10 hours of billable time, in an effort to eliminate any work that could be considered duplicative. ECF No. 24 at 4.

multitude of class actions they have been a part of, the Court find that an award of $350 per hour, at the high end of the guidelines, is reasonable.

Finally, Plaintiffs request attorney's fees at a rate of $250 per hour on behalf of local liaison counsel, Eric Stravtiz. Plaintiffs have put forward no information regarding Stravtiz's experience or length of bar membership. However, even calculating Stravitz's fees at the lowest permissible rate of $150 per hour, the lodestar total amounts to more than the $35,000 requested by Plaintiffs.[4]

### B. Reasonable Hours

As required by Appendix B of the Local Rules, counsel for Plaintiffs submitted their fee application accompanied by time records organized by litigation phase, requesting compensation for 104.3 hours of work by Johnson; a combined 15.4 hours of work by Greenwald, Davidson and Radbil and 11.7 hours by Stravtiz. ECF No. 24-1 at 3.[5] Plaintiffs note that this number reflects a voluntary reduction of approximately 10 hours of billable time, in an effort to eliminate any work that could be considered duplicative. ECF No. 24 at 4. Defendant argues that the Court should apply a 35% across the board reduction for the time Plaintiffs dedicated to pleadings and motions practice based on an "assembly line" production of said filings. ECF No. 23 at 5, 7. Specifically, Defendant points the Court towards complaints and motions filed in support of five other FDCPA class actions lawsuits commenced within weeks or months of the instant case. *Id* at 5. Defendant argues that Plaintiffs' filings are identical or substantially similar to the complaint and motions filed in those cases. *Id.*[6] Plaintiffs argue that their experience in similar lawsuits generated synergies that allowed them to draft materials more rapidly than they otherwise could,

---

[4] As a result, rather than requiring Plaintiffs to provide a supplement, the Court, in making its calculations, will calculate Stravitz's rate at $150 per hour.

[5] While Plainitffs initially failed to organize Mr. Stravtiz's billing records by litigation phase, this omission was corrected in an updated version of the records submitted to the Court. ECF No. 24-1 at 11-13.

[6] Defendant includes copies of the filings in said cases as exhibits to ECF No. 23.

8

noting that they spent only approximately 4 hours drafting and reviewing the complaint[7] and 10.4 hours drafting and reviewing the relevant motions. ECF No. 24 at 7-8; *see also* ECF No. 17-1 at 21-23. Comparing the Complaint filed in this case to the complaint in *Bellum v. Law Offices of Frederic I. Weinberg & Associates, P.C.*, 15-cv-2460, one of the cases referenced by the Defendant, the Court found the documents to be almost identical with the exception of brief language addressing the relevant facts of each case. ECF No. 23-1 at 1-16. Therefore, the Court will impose a 33% reduction for the time spent by Johnson, the lead counsel, drafting the pleadings of the case, reducing Johnson's time from 3.1 hours to 2.1 hours. *See Archbold v. Tristate ATM, Inc.*, No. 11 CV 5796 SJ LB, 2012 WL 3887167, at *8 (E.D.N.Y. Sept. 7, 2012)("Because preparing the pleadings and other filings submitted in connection with these lawsuits involves little more than inserting the plaintiff-specific allegations into a ready-made template...the time expended on these tasks should be minimal.")

However, reviewing the two major filings in the case – the Motions for Preliminary and Final Approval of Class Action Settlement – the Court notes that while the motions submitted in this case do share language with motions submitted in other cases, *see e.g.* ECF No. 23-2, Plaintiffs also spend considerable amount of time citing to applicable Fourth Circuit precedent not relevant to earlier submissions. Thus, the Court finds that Plaintiffs dedicated a reasonable amount of time to researching and drafting the motions and will not reduce the amount of time requested for motions practice.

Defendant also argues that the fees for Stravtiz should be disallowed in full as the billing records are repetitive and non-descriptive, including such entries as "reviewed court notice." ECF No. 23 at 4. While the Court agrees that Stravtiz could have been more detailed in his

---

[7] Specifically, Johnson, the lead attorney, spent 3.1 hours drafting the Complaint and Davidson spent 1.2 hours reviewing and revising the Complaint. ECF No. 24 at 7.

record-keeping, the descriptions are adequate. In addition, the amount of time Stravitz dedicated to such routine tasks as "review court notice" was a mere .1 hours per time entry. Thus, the Court finds that Stravtiz's request for 11.7 of compensable time is reasonable for his work as liaison counsel.

## C. Calculation of Lodestar

Having determined the reasonable rate and reasonable hours expended, the Court will now calculate the lodestar. Johnson, the lead attorney, dedicated 100 hours to this case, which at a rate of $275.00 per hour, justifies an award of $27,500.00.[8] In addition, Johnson spent 3.3 hours in transit to the final settlement hearing, which, per our local rules may be compensated at one-half of the lawyer's hourly rate.[9] Therefore, the record supports a total award of $27,953.75 for Johnson. [10] Greenwald, Davidson and Radbil together spent a total of 15.4 hours on this case, which, at a rate of $350.00 per hour, justifies an award of $5,390.00.[11] Finally, Stravitz billed 11.7 hours, which the Court will compensate at a rate of $150.00 per hour for a total of $1,755.00.[12] Therefore, the record justifies a total award of $35,098.75 in attorney's fees.[13]

## D. Adjustment to Lodestar: *Johnson* factors and Plaintiff's Level of Success[14]

Plaintiffs also argue that the *Johnson* factors support their requested award of $35,000 in attorneys' fees and costs, emphasizing in particular counsel's skill and experience; the

---

[8] Johnson's hours are calculated as follows: 104.3 hours dedicated to the case in total (ECF No. 24-1 at 3), minus 1.0 hour for duplicative work drafting the Complaint and 3.3 hours in transit = 100 compensable hours. 100 hours x $275/per hour = $27,500.00.

[9] Time spent in long-distance travel above the two (2) hours limit each way, that cannot be devoted to substantive work, may be charged at one-half of the lawyer's hourly rate. Loc. R. App. B(2)(c). 3.3 hours x ($275 per hour/2) = $453.75.

[10] $27,500.00 + 453.75 = $27,953.75

[11] Their lodestar amount is calculated as follows: 15.4 hours x $350/per hour = $5,390.00.

[12] $150 x 11.7 = $1,755.00

[13] $27,953.75 (Johnson) + $5,390.00 (Greenwald, Davidson, Radbil) + $1,755.00 (Stravtiz) = $ 35,098.75.

[14] The Supreme Court has "recently shed doubt on the reliability" of utilizing the twelve *Johnson* factors, arguing that such an approach may lead to subjective application and disparate results. *See Andrade v. Aerotek, Inc.*, 852 F. Supp. 2d 637, 645–646 (D. Md. 2012) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010)). Accordingly, the Court will only address the factors that are relevant and raised by the parties.

10

uncertainty of outcome at trial; their contingency fee arrangement; their successful results and the similarity between their requested award and those in other FDCPA settlements. ECF No. 17 at 5-15. Defendant does not address the *Johnson* factors specifically and the Court finds that such considerations were "subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate[, *i.e.*, the lodestar]." *Randle v. H & P Capital, Inc.*, 513 F. App'x 282, 283–84 (4th Cir. 2013)(quoting *Hensley*, 461 U.S. at 434 n. 9)(alteration in original). Therefore, the Court does not find the application of the *Johnson* factors here warrant a departure from the lodestar amount.

Finally, Plaintiffs' level of success warrants an award of the full lodestar amount. "The Fourth Circuit has described the analysis of the level of success as the third step of a fee calculation, noting that courts 'should award some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff.'" *McFeeley v. Jackson St. Entm't, LLC*, No. CV DKC 12-1019, 2016 WL 4269042, at *3 (D. Md. Aug. 15, 2016)(quoting *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013)). "What the court must ask is whether 'the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award.'" *Doe v. Kidd*, 656 F. App'x 643, 657 (4th Cir. 2016)(quoting *Hensley*, 461 U.S. at 434)). Here, the settlement agreement included, in relevant part, that Defendant would pay the two named Plaintiffs, Garza and Easton, $1,000.00 each, and that it would create a common fund in the amount of $12,425.00 to be distributed on a pro rata basis to each of the 884 class members. ECF No. 22 at 3. In addition, Defendant agreed to change the language in its debt collection letters going forward, to address Plaintiffs' concerns. ECF No. 16 at 4. Thus, the Court finds that Plaintiffs' recovery justifies the fee award.

11

### E.  Costs

Plaintiffs also request reimbursement for the following costs: $400 filing fee; $50 *pro hac vice* admission; $68 service of process; $2.10 PACER charges; and $646.42 in travel expenses from Boca Raton, Florida to Greenbelt, Maryland to attend the final settlement approval hearing. ECF Nos. 17-1; 24-1. Defendant does not challenge these costs and the Court finds them reasonable. Therefore, the Court will grant those amounts, totaling $1,166.52, in full. When added to the attorney's fees, the total amount in fees and costs would equal $36,265.27. The parties have agreed to limit the total award for attorney's fees and costs to $35,000.00 and the Court, therefore, awards that amount.

### IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Attorney's Fees, ECF No. 17, is granted. Plaintiffs are awarded $35,000.00 in attorney's fees and costs. A separate Order shall issue.

Date: December 27 2016

George J. Hazel
United States District Judge

12